HENRY RILEY v. THE STATE.

No. 12590. Delivered May 29, 1929.

The opinion states the case.

*Justice & Sigler* of Athens and *G. O. Crisp,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, rape; penalty, ten years in the penitentiary.

Sufficient of the evidence to illustrate the law points discussed is briefly as follows:

Prosecutrix was a young girl between fourteen and fifteen years of age on the date of the alleged offense. With a girl companion she went riding with appellant and a male companion. She testified that on the same afternoon appellant, over her protest and in spite of her resistance, penetrated her female organ with his male organ while they were sitting in an automobile. The testimony further shows that the four of them went on the same day to a house occupied by appellant and his male companion and there remained all that night together. The next morning her father and officers appeared at this house and found the four of them there. Prosecutrix was examined that same day by two physicians at the request of her father. Appellant testified in substance that he did not touch prosecutrix and did not have intercourse with her and that she went home with him against his advice. He introduced as witnesses the two doctors who had examined her at the instance of her father. Their testimony was in substance that she had no bruises or abrasions about her private parts; that her hymen was not ruptured and there was no semen visible in or around her privates. The intercourse occurred, as testified to by her, by appellant forcibly inserting his male organ up her bloomers and into her private parts. The bloomers were not introduced in evidence nor is there any testimony that her clothing was soiled or disheveled. She admitted that she first stated to the County Attorney and to the grand jury that he had done nothing to her.

The testimony is of such character as to raise some doubt as to its sufficiency, but in view of the disposition we make of the case, we do not expressly pass upon the point.

The indictment was returned and filed in this case on December 5th. On December 13th, appellant made application for a subpoena for Sam Walden and Alton Walden. Sam Walden was subpoenaed but the officer was unable to serve Alton Walden before the trial, which seems to have been held on December 18th. The certificate of two physicians is attached to the motion for continuance showing that witness Sam Walden was ill with the flu and unable to attend court. The other witness is shown to have been temporarily out of the county. The affidavit of both witnesses was attached to the motion for new trial showing that each would have testified as set out in the motion for continuance, which was in part as follows: That Sam Walden would have testified that he was

with the father of the prosecutrix when he went to the house where the four parties above mentioned were and that at the time prosecutrix did not appear to be nervous or excited or in any manner disturbed and he at that time heard her state to her father that he ought not to blame the boys for they had not done anything to them and they were down there on their own hook. By the other witness it was alleged that appellant could prove that the two young ladies on the afternoon of the alleged offense and apparently after the commission of the offense refused to go home upon the advice and solicitation of appellant, and that they heard prosecutrix say that she was going home with Riley, the appellant, and stay at his house.

A denial was made by the father of prosecutrix that she made the statement above quoted upon their first meeting after the happening of the alleged offense. Evidence of her physical appearance and condition subsequent to the alleged offense which tended to contradict her testimony was admissible as showing the improbability that a rape occurred, as testified to by her. Underhill's Criminal Evidence (3rd Ed.), Paragraph 616.

It has been stated:

"It is so natural that a virtuous female should immediately complain of such an outrage to those connected with her by ties of blood or friendship, that her neglect to do so is a circumstance which may discredit her." Underhill's Criminal Evidence (3rd Ed.), Paragraph 614.

Most of this evidence was admissible as corroborative of appellant's theory that no rape had occurred and as further corroborative of the prosecutrix's testimony twice given under oath to the same effect. We do not pass on the admissibility of her statement to her father as original evidence, as the bill of exception is insufficient to present the question. It was, of course, admissible in impeachment of her father but being impeaching evidence, a continuance will ordinarily not be granted on account of the absence of such testimony, but the remainder of the testimony was material under the particular facts of this case.

Because we think the Court erred in refusing to grant appellant's motion for a continuance, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.